IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**VIRGINIA DAY**                                                                     **PLAINTIFF**

**V.**                                          **CIVIL ACTION NO. 2:13cv55-KS-MTP**

**WYETH LLC, ET AL.**                                            **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court *sua sponte*. On May 29, 2013, the Court granted the motion of the Plaintiff's counsel to withdraw. This Order [121] required the Plaintiff Virginia Day to obtain new counsel or advise the Court in writing that she intended to proceed *pro se* on or before July 29, 2013. The Order specifically notified the Plaintiff that the case could be dismissed without further notice if she failed to comply with the Court's directive. A copy of the Order was mailed to the Plaintiff. Plaintiff failed to comply with the Order.

On August 2, 2013, the Court, taking notice of Plaintiff's failure to comply with the Order [121], entered its Order to Show Cause [128]. The Court directed the Plaintiff to show cause within ten days of the entry of this Order why the Complaint should not be dismissed for failure to prosecute and for failure to comply with the July 29, 2013 Order [121]. The Order to Show Cause [128] was also mailed to the Plaintiff. The Plaintiff also failed to comply with this Order.

The Court has not received any communications or filings from the Plaintiff since her attorneys were allowed to withdraw on May 29, 2013. Excluding the Motion to Withdraw [113], which was not signed by the Plaintiff, no court filings have been made by the Plaintiff since this cause was transferred to this Court from the United States

District Court for the Eastern District of Missouri on March 21, 2013.  Based on this record, it appears that the Plaintiff has abandoned this cause of action.

This Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir.1988).  The Court must be able to clear its calendar of cases that remain dormant due to the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious determination of actions.  *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30.

The record in this case is clear that Plaintiff has failed to comply with two Court Orders, including an Order to Show Cause.  As this record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but instead such efforts have proven futile.  *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005).  Therefore, the Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  *See Quaak v. Texas*, 515 Fed. Appx. 315, 316 (5th Cir. 2013) (affirming dismissal based on a *pro se* litigant's failure to comply with a court order); *Larson*, 157 F.3d at 1032 (same).  Since the Court has not considered the merits of Plaintiff's claims and there have been no substantive proceedings on the

claims in this Court, the Court's order of dismissal will be without prejudice.  *Cf. Munday/Elkins Auto. Partners, Ltd. v. Smith*, 201 Fed. Appx. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered. The Clerk is directed to mail the Plaintiff copies of this Memorandum Opinion and the Final Judgment at the addresses listed in the Order to Show Cause [128].

SO ORDERED AND ADJUDGED this the 4th day of September, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE